# United States Bankruptcy Court
# Central District of California
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, September 26, 2024**  **Hearing Room   301**

**1:00 PM**
**1:24-11341   Jayesh Kumar**  **Chapter 11**

   **#2.00**   U.S. Trustee's Motion under 11 U.S.C. § 1112(b) to dismiss or,
   in the alternative, to convert case

   Docket   15

**Judge:**

The Court will grant the United States Trustee's motion under 11 U.S.C. § 1112(b) to dismiss or, in the alternative, to convert this case (the "Motion to Dismiss or Convert") [doc. 15] and dismiss the case.

   **I.   BACKGROUND**

   **A.   Prior Bankruptcy Case**

On June 18, 2024, Jayesh Kumar ("Debtor") filed a chapter 13 petition, commencing case no. 1:24-bk-10985 (the "Prior Case"). In his schedule A/B, Debtor identified an interest in real property located at 3334 Oak Glen Dr., Los Angeles, CA 90068 (the "Property"), with a value of $1,844,000. Debtor did not disclose an interest in any other real estate.

   **1.   Debtor's Debts**

In his schedule D, Debtor disclosed the following secured claims against the Property: (1) the claim of BMO Bank NA ("BMO Bank"), in the alleged amount of $755,818, based on a first mortgage; and (2) the claim of Inbanet, in the alleged amount of $880,930, based on a second mortgage. In his schedule E/F, Debtor disclosed nonpriority unsecured claims totaling $59,101. Debtor did not disclose any priority unsecured claims.

   **2.   Claims Against the Estate**

In July 2024, creditor Bassam Kawarit, c/o Inbanet, filed proof of claim no. 7-1, asserting a secured claim in the amount of $882,301.59. The basis for Mr. Kawarit's claim was a recorded deed of trust. In support of his proof of claim, Mr. Kawarit

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, September 26, 2024**                                                                                          **Hearing Room    301**

<u>1:00 PM</u>
**CONT...        Jayesh Kumar                                                                                                              Chapter 11**

attached a copy of a promissory note (the "Kawarit Note") and a deed of trust (the "Kawarit Deed of Trust"), both dated August 30, 2023. The Karawit Note reflected a maturity date of March 1, 2024.

### *3.    The Plan and Objections to Confirmation*

In July 2024, Debtor filed a chapter 13 plan (the "Plan") [Prior Case, doc. 13]. The same month, Mr. Kawarit filed an objection to confirmation of the Plan [Prior Case, doc. 17]. In his objection, Mr. Kawarit stated that the Plan did not provide for the payoff, with interest, of the Kawarit Note and the Kawarit Deed of Trust, which became due and payable on March 1, 2024. In addition, Mr. Kawarit asserted that the Plan was not feasible because Debtor's schedules I and J did not show that Debtor had sufficient net income to pay Mr. Kawarit's claim, with interest, over the Plan's sixty-month term.

In August 2024, alleged creditor CPIF North 1525 Cahuenga LLC ("CPIF") filed an objection to the Plan [Prior Case, doc. 21]. According to CPIF, it held a claim against Debtor in the amount of over $38 million, which Debtor did not account for in his schedules. CPIF also represented that the Plan did not provide for any treatment of its claim.

The same month, alleged creditor Mahendra Kumar Patel filed an objection to the Plan [Prior Case, doc. 23]. In her objection, Ms. Patel contended that she held an unsecured claim against Debtor in the amount of over $4 million, which Debtor did not account for in his schedules. In addition, Ms. Patel stated that the Prior Case was filed in bad faith. Ms. Patel further asserted that Debtor's unsecured debts exceeded the statutory chapter 13 debt limit.

The same month, alleged creditor The Kratz Revocable Declaration of Trust dated February 14, 1994 (the "Trust") filed an objection to the Plan [Prior Case, doc. 27]. According to the Trust, it held a claim against Debtor in the amount of over $1.6 million which Debtor did not account for in his schedules. The Trust also represented that the Plan did not provide for any treatment of its claim and that Debtor's unsecured debts exceeded the statutory chapter 13 debt limit.

The same month, alleged creditor JS Partners 1, LLC ("JS Partners") filed an

## United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, September 26, 2024**      **Hearing Room    301**

<u>1:00 PM</u>
**CONT...      Jayesh Kumar**      **Chapter 11**

objection to the Plan [Prior Case, doc. 35]. In its objection, JS Partners contended that it held a secured claim against Debtor in the amount of approximately $147,000 which Debtor did not account for in his schedules. In addition, JS Partners stated that the Plan was not feasible and did not provide for any treatment of its claim.

### 4. *Motion for Relief from the Automatic Stay*

On August 8, 2024, Mr. Kawarit filed a motion for relief from the automatic stay, regarding the Property (the "RFS Motion") [Prior Case, doc. 24]. Debtor did not oppose the RFS Motion. On August 13, 2024, the Court entered an order granting the RFS Motion [Prior Case, doc. 37].

### 5. *Dismissal of the Prior Case*

At the August 13, 2024 plan confirmation hearing, the Court asked Debtor's counsel if Debtor wished to convert the case to one under chapter 7; Debtor's counsel responded that Debtor did not. On August 14, 2024, the Court entered the order dismissing the Prior Case (the "Dismissal Order") [Prior Case, doc. 38].

### B. *Current Bankruptcy Case*

On August 14, 2024, before the Dismissal Order was entered, Debtor filed a chapter 11 petition, initiating the current bankruptcy case. When the petition was filed, Debtor was represented by Thomas B. Ure. [**FN1**] On August 15, 2024, the U.S. trustee (the "UST") emailed to Mr. Ure information about certain required documents (the "7-Day Package").

### 1. *Debtor's Real and Personal Property*

#### a. *Real Property*

In his schedule A/B, Debtor identified an interest in the Property, with a value of $1,844,000. Debtor did not disclose an interest in any other real estate.

In his schedule D, Debtor disclosed the following secured claims against the Property: (1) the claim of BMO Bank, in the alleged amount of $755,818, based on a first mortgage; (2) the claim of Inbanet, in the alleged amount of $880,930, based on a

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
**Courtroom 301 Calendar**

---

**Thursday, September 26, 2024**                                                                                           **Hearing Room   301**

<u>1:00 PM</u>
**CONT...        Jayesh Kumar**                                                                                                                      **Chapter 11**

second deed of trust; and (3) the claim of JS Partners, in the alleged amount of $146,818.06, based on a judgment lien against the Property.

      **b.   Personal Property**

          *i.   Vehicles*

In his schedule A/B, Debtor identified an interest in the following vehicles: (1) a 2016 Audi Q7 (the "Audi"), with a value of $8,500; and (2) a 2018 Tesla Model 3 (the "Tesla"), with a value of $13,200. In his schedule D, Debtor disclosed a secured claim of TD Auto Finance, in the alleged amount of $4,426, against the Tesla.

          *ii.   Personal and Household Items*

In his schedule A/B, Debtor identified an interest in: (1) household goods and furnishings with a value of $4,500; (2) electronics with a value of $3,000; (3) clothing with a value of $700; and (3) jewelry with a value of $500.

          *iii.   Financial Assets*

In his schedule A/B, Debtor identified an interest in a security deposit in the amount of $6,400.

      **c.   Exemptions**

With respect to vehicles, in his schedule C, Debtor exempted the Audi in full, pursuant to California Code of Civil Procedure ("CCP") 703.140(b)(5). Debtor also claimed a $7,500 exemption in the Tesla, based on CCP § 703.140(b)(2).

In addition, Debtor exempted the household goods and furnishings, electronics and clothing in full pursuant to CCP § 703.140(b)(3). Debtor also claimed a $500 exemption in the jewelry pursuant to CCP § 703.140(b)(4). Finally, Debtor exempted the security deposit in full pursuant to CCP § 703.140(b)(5). Debtor did not claim an exemption in the Property.

    **2.   *Debtor's Unsecured Debts***

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
**Courtroom 301 Calendar**

**Thursday, September 26, 2024**                                                                                         **Hearing Room    301**

1:00 PM
**CONT...**          **Jayesh Kumar**                                                                                                **Chapter 11**

In his schedule E/F, Debtor disclosed priority unsecured claims in unknown amounts to the State of California Franchise Tax Board and the Internal Revenue Service. In addition, disclosed nonpriority unsecured claims totaling $59,101. Debtor did not disclose any debt owed to CPIF, Ms. Patel or the Trust.

   **3.  *The Motion to Dismiss or Convert***

On August 28, 2024, the United States trustee (the "UST") filed the Motion to Dismiss or Convert and attached the Declaration of Maria D. Marquez in support thereof. In the Motion to Dismiss or Convert, the UST requests that the Court dismiss the case or convert it to one under chapter 7 for cause pursuant to 11 U.S.C. §§ 1112(b)(4)(F) and (H). The UST contends that Debtor has not complied with the UST's requirements because he has not submitted the 7-Day Package. Depending on what would serve the best interests of the creditors and the estate, the UST requests that the Court should convert or dismiss the case. As of September 24, 2024, Debtor has not filed a response to the Motion to Dismiss or Convert.

On September 7, 2024, Ms. Patel filed a joinder to the Motion to Dismiss or Convert [doc. 26]. According to Ms. Patel, Debtor is not eligible to be a debtor in any case pursuant to 11 U.S.C. § 109(g)(2), because Debtor was in the Prior Case within the last 180 days and Debtor voluntarily dismissed the Prior Case after a motion for relief from the automatic stay was filed.

**II.    LEGAL AUTHORITY**

   **A.  *Conversion or Dismissal Under Section 1112***

11 U.S.C. § 1112 states, in pertinent part—

   (a) [A] debtor may convert a case under this chapter to a case under chapter 7 of this title unless—

      (1) the debtor is not a debtor in possession;

      (2) the case originally was commenced as an involuntary case under this chapter; or

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
**Courtroom 301 Calendar**

---

**Thursday, September 26, 2024**                                                **Hearing Room     301**

<u>1:00 PM</u>
**CONT...**      **Jayesh Kumar**                                                              **Chapter 11**

                          (3) the case was converted to a case under this chapter other than on the debtor's request.

      (b)        (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

                     (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—

                            (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or it such sections do not apply, within a reasonable period of time; and

                            (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph 4(A) –

                                    (i) for which there exists a reasonable justification for the act or omission; and

                                    (ii) that will be cured within a reasonable period of time fixed by the court.

                  …

**United States Bankruptcy Court**
**Central District of California**
San Fernando Valley
Victoria Kaufman, Presiding
**Courtroom 301 Calendar**

---

**Thursday, September 26, 2024**                                                                 **Hearing Room    301**

<u>1:00 PM</u>
**CONT...        Jayesh Kumar                                                                                          Chapter 11**

> (4) For purposes of this subsection, the term "cause" includes—
>> ...
>> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>> ...
>> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any)…

"'Cause' is defined in § 1112(b)(4), but the list contained in § 1112(b)(4) is illustrative, not exhaustive." *In re Mense*, 509 B.R. 269 (Bankr. C.D. Cal. 2014). "The movant bears the burden of establishing by a preponderance of the evidence that cause exists." *In re Sullivan*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014).

Motions to dismiss under 11 U.S.C. § 1112(b) require a two-step analysis. "First, it must be determined that there is 'cause' to act. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006).

### B.  *Eligibility to be a Debtor Under 11 U.S.C. 109(g)*

Section 109(g) provides, in relevant part:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>> …
>> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

"[P]ursuant to the 'plain meaning' of the statute, a large majority of courts have held that the provisions of section 109(g)(2) apply in any case in which a debtor voluntarily

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, September 26, 2024**                                                                     **Hearing Room    301**

<u>1:00 PM</u>
**CONT...    Jayesh Kumar                                                                                             Chapter 11**

requests dismissal of a case at any time after the filing of a motion for relief from stay." *In re La Grana 240, L.P.*, 636 B.R. 801, 804 (Bankr. C.D. Cal. 2022).

### III.    ANALYSIS

Here, there is cause to act because Debtor has not submitted a 7-Day Package to the UST. With respect to whether conversion or dismissal is appropriate, it appears that there is not sufficient equity in Debtor's assets, after deducting costs of sale, to generate a return to unsecured creditors. Consequently, it appears that dismissal is in the best interests of the creditors and the estate. *See Nelson*, 343 B.R. at 675. Consequently, the Court will dismiss this case.

### IV.    CONCLUSION

The Court will dismiss this case.

Movant must submit the order within seven (7) days.

### FOOTNOTES

FN1:    On September 19, 2024, Mr. Ure filed a motion to withdraw as Debtor's counsel (the "Motion to Withdraw") [doc. 29]. According to Mr. Ure, Debtor did not respond to various communications from Mr. Ure's office. In addition, Mr. Ure represented that Debtor did not appear for scheduled office appointments that were required to review important case-related issues. For those reasons, Mr. Ure stated that Debtor had made it unreasonably difficult for Mr. Ure to carry out effective representation and properly prosecute the case. Debtor did not file a response to the Motion to Withdraw. On September 24, 2024, the Court entered an order granting the Motion to Withdraw [doc. 30].

| **Party Information** |
|---|

**Debtor(s):**

Jayesh  Kumar                                              Represented By
                                                                             Thomas B Ure

# United States Bankruptcy Court
# Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, September 26, 2024**      Hearing Room    **301**

<u>1:00 PM</u>
**CONT...**     **Jayesh Kumar**        **Chapter 11**

**Movant(s):**

United States Trustee (SV)      Represented By
                                                      Katherine Bunker